# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Nathaniel Bowden; JuNelle Harris

## DEFENDANTS
Robin L. Barrett; Emilio T. Gonzalez; USCIS; Michael Chertoff; DHS; Robert S. Mueller; Peter D. Keisler

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
Alameda

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert B. Jobe, Law Office of Robert B. Jobe, 550 Kearny St., Ste. 200, San Francisco, CA 94108

ATTORNEYS (IF KNOWN)
US Attorney's Office, 450 Golden Gate Ave., 11th Fl., San Francisco, CA 94102

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | ☐871 IRS - Third Party 26 USC 7609 | ☒890 Other Statutory Actions |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 USC 1255(a); 8 CFR 245.1; 28 USC 1331, 1361 (civil action, mandamus); Administrative Procedure Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE: 10/16/07

SIGNATURE OF ATTORNEY OF RECORD

```
Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Ste. 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiffs.
```

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL SEAN BOWDEN, JUNELLE HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> ROBIN L. BARRETT, FIELD OFFICE DIRECTOR, USCIS SAN FRANCISCO DISTRICT OFFICE; EMILIO T. GONZALEZ, DIRECTOR, USCIS; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY; ROBERT S. MUELLER, DIRECTOR, FEDERAL BUREAU OF INVESTIGATIONS; PETER D. KEISLER, ACTING U.S. ATTORNEY GENERAL, <br><br> Defendants. | No. C 07 5269 <br><br> COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF <br><br><br> DHS Alien Number: 98-250-835 |

### COMPLAINT FOR A WRIT OF MANDAMUS AND DECLARATORY AND INJUNCTIVE RELIEF

By and through their undersigned attorney, Plaintiffs, Nathaniel Sean Bowden ("Mr. Bowden") and JuNelle Harris ("Ms. Harris"), as and for their complaint, allege as follows:

## PRELIMINARY STATEMENT

1. Mr. Bowden is a native of Australia and citizen of New Zealand who is married to a United States citizen, JuNelle Harris ("Ms. Harris"). More than three years ago, Ms. Harris filed a Form I-130 (Petition for Alien Relative) on behalf of her husband, with the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service).[1] Mr. Bowden simultaneously filed an application to register permanent residence or adjust status (Form I-485) based on his marriage to Ms. Harris and her pending I-130 petition. Inexplicably, the petition and application remain pending.

## JURISDICTION

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiffs; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district, Mr. Bowden and Ms. Harris reside in this district, and no real property is involved in this action.

## INTRA-DISTRICT ASSIGNMENT

4. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

Complaint for a Writ of Mandamus                                2

## STANDING

5.  The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably delayed the adjudication of Plaintiffs' petition and application. Plaintiffs thus fall within the APA's standing provisions. *See, Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds*, 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFFS

6.  Mr. Bowden, a native of Australia and citizen of New Zealand, and Ms. Harris, a native and citizen of the United States, currently reside at 6009 Claremont Ave., #2, Oakland, California 94618. The couple married on May 22, 2004. On or about September 1, 2004, Ms. Harris filed a Form I-130 (Petition for Alien Relative) on behalf of Mr. Bowden, with the USCIS. Mr. Bowden simultaneously filed an application to register permanent residence or adjust status (Form I-485) based on his marriage to Ms. Harris. Although more than three years have lapsed since that time, the USCIS has failed to adjudicate the I-130 petition and the I-485 application.

## DEFENDANTS

7.  Defendant, Robin L. Barrett, is the Field Office Director of USCIS's San Francisco District Office and is sued in her official capacity. She is "responsible for the administration and enforcement of the [Immigration and Nationality] Act and all other laws relating to immigration and naturalization within [her] assigned geographic area[]." 8 C.F.R. § 100.2(d)(2)(ii).

8.  Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

9.  The United States Citizenship and Immigration Services is the federal agency within the Department of Homeland Security ("DHS") that is responsible for the

Complaint for a Writ of Mandamus        3

administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

10. Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity. Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

11. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

12. Robert S. Mueller is the director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. Defendant Mueller is charged with conducting background checks, including the National Name Check Program, in response to requests submitted by federal agencies, including the USCIS.

13. Peter D. Keisler is sued in his official capacity as the Acting U.S. Attorney General. In that capacity, he is charged with supervising and directing the administration and operation of the Department of Justice, including the FBI.

## FACTS

14. Immigrating through a U.S. citizen is a two step process which involves (1) approval of a Petition for Alien Relative (Form I-130) filed by the U.S. citizen petitioner, and (2) the beneficiary's filing of an application to become a permanent resident (Form I-485). Once the requisite relationship is established between the petitioner and beneficiary, the USCIS must approve the visa petition. Once the visa petition is approved, the beneficiary can proceed to step two and apply to immigrate, or become a lawful permanent resident.

15. Because visas are always available to immediate relatives of U.S. citizens – spouses, parents, or children – those relatives can apply to immigrate as soon as the visa petition is approved. *See* INA § 201(b), 8 U.S.C. § 1151(b). Accordingly, immediate relatives can initiate both steps by simultaneously filing the I-130 visa petition along with the I-485 application for adjustment to lawful permanent resident status.

Complaint for a Writ of Mandamus                4

16. Before adjudicating an application for adjustment of status pursuant to INA § 245(a), 8 U.S.C. § 1255(a), USCIS conducts "numerous" criminal and national security background checks, including (a) a fingerprint check by the FBI; (b) a *name check* by the FBI; and (c) a check against the records of the Department's Interagency Border Inspection System. *See Liu v. Chertoff*, No. 06-3297, 2007 WL 1202961, at * 1-2 (C.D. Ill. April 23, 2007). Ninety-nine percent of the FBI name checks are completed in six months. *See USCIS Interoffice Memorandum from Michael Aytes, Acting Associate Director, Domestic Operation*, April 25, 2006, *reprinted* No. 21 *Interpreter Releases* 988 (May 22, 2006). In Mr. Bowden's case, however, the name check process has taken more than three years and has still not been completed

17. Lawful permanent resident status confers many advantages. Lawful permanent residents have the privilege of residing and working permanently in the United States, INA § 101(a)(20), 8 U.S.C. § 1101(a)(20), they may travel outside the United States freely and generally are readmitted to the United States automatically, INA § 101(a)(13)(C), 8 U.S.C. § 1101(a)(13)(C), and they may petition to immigrate close family members, INA §§ 201 and 203, 8 U.S.C. §§ 1151 and 1153.

18. After five years of status as a lawful permanent resident, an individual may apply to naturalize his status to that of a U.S. citizen. INA § 316(a), 8 U.S.C. § 1427(a). Because lawful permanent resident status is a prerequisite for naturalization, any delay in adjusting to lawful permanent resident status also delays eventual naturalization.

19. This lawsuit arises out of Defendants' illegal delay in the adjudication of Ms. Harris' I-130 visa petition and Mr. Bowden's application for status as a lawful permanent resident (Form I-485).

20. Mr. Bowden was born on May 4, 1975 in Australia. He first entered the U.S. on September 6, 1998 to complete a doctoral program at Harvard University in Cambridge, Massachusetts. After completing his course of study, Mr. Bowden changed his status to that of a nonimmigrant worker, authorized to work for Sandia National Laboratories until October 20, 2009.

Complaint for a Writ of Mandamus          5

21. Meanwhile, on May 22, 2004, Mr. Bowden married his long-time girlfriend, Ms. Harris, a native and citizen of the U.S. On or about September 1, 2004, Ms. Harris filed a Form I-130 (Petition for Alien Relative), on behalf of Mr. Bowden, with the USCIS. Mr. Bowden simultaneously filed an application to register permanent residence or adjust status (Form I-485) based on his marriage to Ms. Harris and the I-130 petition she had filed on his behalf. The petition and application have been pending with the USCIS since that time.

22. On March 16, 2005, the USCIS issued a Fingerprint Referral Notice to Mr. Bowden requesting that he provide his fingerprints in conjunction with his application for adjustment of status. Mr. Bowden complied.

23. On April 13, 2005, Mr. Bowden and Ms. Harris attended a scheduled interview at the USCIS San Jose Sub-Office. At the conclusion of that interview, the USCIS indicated that the FBI name check was pending. On November 29, 2005, Mr. Bowden, through his counsel, submitted a status inquiry to the USCIS San Francisco District Office, but received no response.

24. On September 21, 2006, the USCIS issued a notice to Mr. Bowden requesting that he again provide his fingerprints. Mr. Bowden complied with that request.

25. On November 16, 2006, the USCIS San Francisco District Office issued a notice requesting that Mr. Bowden appear for an interview at that office on December 20, 2006, in regards to his application for adjustment of status. At that interview, the USCIS officer indicated that he would adjudicate Ms. Harris' I-130 shortly, and explained to Plaintiffs' counsel that the delay in adjudication of Mr. Bowden's application was due to (a) pending background checks and (b) that the previous interviewing USCIS officer had failed to follow proper procedures, specifically that he had neglected to have Mr. Bowden sign the application after reviewing it with him. After indicating that the USCIS would obtain a New Zealand police clearance for Mr. Bowden, the USCIS officer stated that the I-485 application would remain pending until the background checks had cleared. To date, however, it apears that the FBI has failed to complete those background checks.

26. On March 5 and again on April 30, 2007, counsel for Mr. Bowden and Ms. Harris sent status inquiry letters to the USCIS about Ms. Harris' I-130 petition. A response was never

Complaint for a Writ of Mandamus                6

received.

27. Mr. Bowden and Ms. Harris have taken exhaustive steps in an attempt to compel Defendants to adjudicate their I-130 petition and I-485 application. Although more than three years have lapsed since they filed those documents and Mr. Bowden's application for adjustment of status is well outside the processing times of the USCIS San Francisco District Office, the USCIS has still not adjudicated his application.[2]

28. The FBI's willful delay in completiing Mr. Bowden's background checks and USCIS's willful delay in adjudicating Ms. Harris' I-130 petition and Mr. Bowden's I-485 application clearly contravenes the FBI's and USCIS's duty to act upon matters presented to them within a reasonable period of time. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); *Tang v. Chertoff*, 493 F.Supp. 2d 148, 156 (D. Mass June 26, 2007) (finding a 4 year delay unreasonable), *citing Paunescu v. INS*, 76 F.Supp. 2d 896, 902 (N.D.Ill. 1999) (2 year delay unreasonable); *Yu v. Brown*, 36 F.Supp. 2d 922, 935 (D.N.M. 1999) (2.5 year delay unreasonable); *Agbemaple v. INS*, 1998 WL 292441 *7 (N.D.Ill. 1998) (20 month delay unreasonable); *Hu v. Reno*, 2000 U.S. Dist. Lexis 5030, at *14 (N.D.Tex. Apr. 19, 2000) (2.5 year delay unreasonable); *Salehian v. Novak*, 2006 U.S. Dist. LEXIS 77028 at *4 (D.Conn.Oct. 23, 2006) (2 year delay unreasonable).

29. Accordingly, this civil action seeks a writ of mandamus ordering the FBI to promptly complete Mr. Bowden's background checks and USCIS to promptly adjudicate Ms. Harris' I-130 petition and Mr. Bowden's I-485 application.

30. Plaintiffs have exhausted any administrative remedies that may exist. No other remedy exists for Plaintiffs to resolve Defendants' refusal to comply with their regulatory obligations within a reasonable period of time.

---

[2] *See* https://egov.uscis.gov/cris/jsps/officeProcesstimes.jsp?selectedOffice=69 (six months processing time for applications for adjustment of status filed at the USCIS San Francisco District Office).

Complaint for a Writ of Mandamus                    7

31. Plaintiffs have suffered, and will continue to suffer, irreparable injury for which they have no adequate remedy at law. If the relief prayed for is not granted, Plaintiffs will suffer continued extreme individual hardship.

### FIRST CAUSE OF ACTION
### (Mandamus)

32. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 30 above as though fully set forth herein.

33. Mr. Bowden's application for adjustment of status is delayed due to Defendant Mueller's failure to timely perform criminal background checks and/or the other Defendants' failure to act on that application. Defendants have the nondiscretionary duty to adjudicate the I-130 petition and I-485 application filed by Plaintiffs. By failing to do so, Defendants are, quite simply, failing to comply with their statutory and regulatory duties. Plaintiffs are entitled, therefore, to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendant Mueller to complete all necessary background checks and provide the results of those background checks to the remaining Defendants to promptly adjudicate their I-130 petition and I-485 application.

### SECOND CAUSE OF ACTION
### (Violation of the Administrative Procedure Act)

34. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 32 above as though fully set forth herein.

35. The APA *requires* administrative agencies to act upon matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and provides that federal courts "**shall** . . . compel agency action unlawfully withheld or unreasonably delayed . . ."[3] 5 U.S.C. § 706(1) (emphasis

---

[3] "Courts have given little attention to the distinction between agency action 'unlawfully withheld' and agency action "reasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1270 (10th Cir. 1998). "In the absence of any clear statutory guidance," however, the Tenth Circuit decided to "simply apply the most straight forward common sense reading of these two phrases," saying:

[I]f an agency has no concrete deadline establishing a date by which it must act, and instead is

Complaint for a Writ of Mandamus          8

added). By using the word "shall," Congress imposed a mandatory duty on this Court to compel agency action that has been "unreasonably delayed." *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998)("Through § 706 Congress has stated unequivocally that courts **must** compel agency action unlawfully withheld or unreasonably delayed.")(emphasis added). *See also Pierce v. Underwood*, 487 U.S. 552, 569-570 (1988)(Congress' use of "shall" constitutes mandatory language); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 n.15 (1981)(same).

36. Plaintiffs are persons aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to complete and provide the results of the criminal background checks to USCIS, Defendant Mueller has "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706(1). In the alternative, if the background checks have been completed, the remaining Defendants have unlawfully delayed final adjudication of Mr. Bowden's application for adjustment of status.

37. Accordingly, this Court should compel Defendant Mueller to complete and release the results of Mr. Bowden's criminal background checks to the remaining Defendants, so that his application for adjustment of status may be immediately adjudicated. On the other hand, if Defendant Mueller has completed the background checks, the Court should compel the other Defendants to immediately adjudicate Ms. Harris' petition and Mr. Bowden's application. By failing to adjudicate the I-130 petition and I-485 application filed by Plaintiffs, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

---

> governed only by general timing provisions – such as the APA's general admonition that agencies conclude matters presented to them "within a reasonable time," *see* 5 U.S.C. § 555(b) – a court must compel only action that is delayed unreasonably. Conversely, when an entity governed by the APA fails to comply with a statutorily imposed absolute deadline, it has unlawfully withheld agency action and courts, upon proper application, must compel the agency to act.

*Id.* at 1271-72.

Complaint for a Writ of Mandamus                        9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

(1) Accept jurisdiction over this action;

(2) Compel the completion and immediate release of Mr. Bowden's criminal background check results;

(3) Declare Defendants' failure to adjudicate the I-130 petition and I-485 application filed by Plaintiffs to be a violation of 28 U.S.C. § 1255(a), 8 C.F.R. § 245.1, the Administrative Procedure Act, and 28 U.S.C. § 1361;

(4) Order the USCIS to immediately adjudicate Plaintiffs' I-130 petition and I-485 application;

(5) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(6) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED:    October 16, 2007        Respectfully Submitted,

Robert B. Jobe
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiffs

Complaint for a Writ of Mandamus